IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | No. 4:25-bk-10020 |
| HARBORVIEW | : | |
| REHABILITATION AND CARE | : | Chapter 11 |
| CENTER AT LANSDALE, LLC | : | Subchapter V |
| | : | |
| Debtor | : | |
| | : | |
| | : | |

## DEBTOR'S MOTION FOR APPROVAL FOR DEBTOR
## TO UTILIZE CASH COLLATERAL

The Motion of Harborview Rehabilitation and Care Center at Lansdale, LLC ("Debtor"), by and through its attorneys, Cunningham, Chernicoff & Warshawsky, P.C., for Approval for Debtor to Utilize Cash Collateral is as follows:

1.      On January 3, 2025, the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Code").  As a result thereof, the Debtor has been appointed as a Debtor-in-Possession and operates its business and manages its assets.

2.      The Debtor is a Pennsylvania corporation engaged in the nursing home and rehabilitation business (the "Business").

3.      GHP Lansdale LP (the "Lender") is believed to be the landlord of the property where the Debtor operates its Business.  As part of the lease with the Lender, the Lender has been granted a security interest in certain assets of the Debtor which may constitute .

4.      As a result of the Lender being granted a security interest in most of the personal property of the Debtor, including accounts, accounts receivable and cash.  The Lender may have a lien on the Debtor's Cash Collateral.

5.      The Debtor's accounts receivable, inventory and cash are Cash Collateral (the "Cash Collateral") as defined in Section 363 of the Bankruptcy Code.

6.      The Debtor is believed to have assets as follows:

    a.  Equipment having a book value of approximately $333,187.00

    b.  Accounts Receivable of approximately $3,008,942.00

    c.  Minimal cash on hand.

7.      It is believed that nothing is owed to the Lender.  As a result and based upon the value of the collateral upon which the Lender has a lien, the Debtor believes that the Lender has adequate protection for it secured creditor status.

## THE NEED FOR CASH

8.      The Debtor currently has approximately eighty-three (83) employees.  The Debtor is operating and needs to retain its employees to continue operations and to provide services to the Debtor's clients.

9.      The Debtor has additional cash needs for the payment of utilities, insurance, payroll and other operating expenses.  Attached hereto as Exhibit "A" and made a part hereof is a cash flow budget for the Debtor.  The Debtor is instituting various overhead cuts and has made operational changes so that, as set forth on Exhibit "A" it is believed that the Debtor can continue to operate.

10.     In addition to the items set forth on the budget, the Debtor will incur additional expenses as a result of the Chapter 11 filing, including additional payments for professionals, including the Subchapter V Trustee.

11.     The Debtor intends to continue to operate, thereby generating additional accounts receivable and cash.  The Debtor believes it can operate on a profitable basis.

12.     Unless the Debtor is allowed to pay its expenses and continue its operations, great harm will occur to the Debtor and to its estate as well as to the Debtor's creditors.

13.     In order to provide adequate protection to the Lender, the Debtor proposes to provide each Lender with replacement liens in post-Petition Cash Collateral, and all other assets in which each may have a pre-Petition security interest and lien, only to the extent that the Lender is secured in pre-Petition Cash Collateral.  The replacement liens shall only be effective to the extent there is a diminution in the amount of Cash Collateral post-Petition.  To the extent that such replacement lien is insufficient and the Lender  may have a shortfall resulting any diminution resulting from the Debtor's use of Cash Collateral and all other categories of assets upon which the Lender has a pre-Petition lien, and to the extent the Lender is secured in Cash Collateral, the Lender shall be granted an administrative claim superior in priority to all other administrative claims except for claims of professionals in this case and fees owed to the Office of the U.S. Trustee.  Such replacement liens shall be effective without further recordation and shall have the same priority as exists pre-Petition.

14.     Given the collateral position of the Lender the Debtor believes that the Lender is adequately protected.

15.     It is requested that the Court enter an Order providing for approval of the Debtor's use of Cash Collateral on an interim basis until such time as a final hearing can be held.

**WHEREFORE**, Harborview Rehabilitation and Care Center of Lansdale, LLC, the above named Debtor, respectfully requests that this Honorable Court enter an Order:

a.     Allowing the Debtor to utilize its cash, receivables, and cash from the receivables, notwithstanding any alleged lien and security interest of any party;

b.     Granting replacement liens to the Lender, as appropriate, as set forth above, conditioning the Debtor's use of Cash Collateral upon the granting of replacement liens to the Lender, as appropriate, with such replacement liens to be in post-Petition receivables and cash to the extent there is any diminution in value of the Lender, as appropriate, collateral positions, as they may exist pre-Petition, as well as continuing liens in all categories of assets as the Lender, as appropriate, hold in pre-Petition assets of the Debtor.  All such liens granted to the Lender, as appropriate, shall be in such priority as exists pre-Petition.  Further the Lender, as appropriate, shall have administrative claims to the extent that the post-Petition Collateral proves insufficient to replace the diminution in Cash Collateral, with such administrative claims, having priority over all administrative claims, except those of fees owed to professionals in the case and to the Office of the U.S. Trustee, and in the same priority as exists pre-Petition;

c.     Granting the Debtor such other and further relief as is just and proper.

CUNNINGHAM, CHERNICOFF
& WARSHAWSKY, P.C.

By:____/s/  Robert E. Chernicoff_____
     Robert E. Chernicoff, Esquire
     Attorney I.D. No. 23380
     2320 North Second Street
     P. O. Box 60457
     Harrisburg, PA 17106-0457
Date: January 3, 2025          (717) 238-6570